IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Araceli Rodriguez,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Unknown Party,<br><br>　　　　　　Defendant. | No. CV-14-02251-TUC-RCC<br><br>**ORDER** |

*Background*

Before the Court is Defendant's Motion to Seal (Doc. 29). The Court previously granted a stipulation between Plaintiff and Defendant to temporarily seal Defendant's name from public records until the Court had the opportunity to rule on whether the seal should be made permanent (Doc. 21).

The parties have now had the opportunity to fully brief this matter and Court has considered the parties' pleadings. (Docs. 15, 29, 32 and 36.)  Further, the Court also granted Phoenix Newspapers, Inc.'s ("PNI") Motion to Intervene for the limited purpose of obtaining Defendant's identity and unsealing previously sealed filings. (Doc. 37). The Court heard oral arguments from the parties and the intervenor.

*The Public's Interest in this case Outweighs Defendant's Need for Anonymity*

Defendant avers that while the public has an interest in the issues presented in this litigation, his name and other identifying information have no intrinsic value and should be kept from the public in order to prevent ridicule, injury, harassment, embarrassment,

1 and threats to Defendant and his family. Further, Defendant argues that the manner in
2 which Plaintiff wrote her complaint went beyond stating a claim of action and used
3 incendiary language on an already controversial topic.

4 In *Does I thru XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir.
5 2000), the Court of Appeals for the Ninth Circuit recognized "that the balance between a
6 party's need for anonymity and the interests weighing in favor of open judicial
7 proceedings may change as the litigation progresses. In cases where [a party has]
8 demonstrated a need for anonymity, the district court should use its powers to manage
9 pretrial proceedings, and to issue protective orders limiting disclosure of the party's
10 name, to preserve the party's anonymity to the greatest extent possible without
11 prejudicing the opposing party's ability to litigate the case." (Internal citations omitted).

12 Plaintiff and Intervenor argue that the public's First Amendment and common law
13 right to access public records and proceedings outweigh Defendant's need for anonymity.
14 Both Plaintiff and Intervenor cite to the Ninth Circuit's holding that courts must "start
15 with a strong presumption in favor of access" to judicial records that "may be overcome
16 only on the basis of articulable facts known to the court, not on the basis of unsupported
17 hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).
18 The Court must balance the public's interest in access "against any asserted reasons for
19 confidentiality." *United States v. Kaczynski*, 154 F.3d 930, 931 (9th Cir. 1998).

20 Intervenor asserts that the public has a legitimate need for disclosure in this case
21 because the use of force by U.S. Border Patrol agents against a Mexican citizen on
22 Mexican soil is a matter of public concern in Arizona, the United States, and Mexico.
23 Both Intervenor and Plaintiff also assert that as a law enforcement agent, paid with public
24 funds to guard the border and enforce the nation's immigration laws and while
25 performing his official duties, Defendant has a reduced expectation of privacy—
26 especially in courtroom proceedings which are traditionally open to the public.
27 Additionally, Plaintiff asserts that in no other similar high-profile law enforcement cases,
28 have courts ruled in favor of a law enforcement defendant maintaining his anonymity.

Here, the Court has considered Defendant's need for anonymity and balanced the risks of ridicule, injury, harassment, embarrassment and threats to Defendant and his family against the public's strong interest for disclosure in this case. The Court finds that while Defendant's concerns are valid, these do not rise to the level of overcoming the strong presumption in favor of public access. Nonetheless, the Court finds that any additional information beyond Defendant's name shall be maintained confidential by the parties. Accordingly,

**IT IS HEREBY ORDERED** denying (Doc. 29) Defendant's Motion to Seal.

**IT IS FURTHER ORDERED** that only Defendant's name is to be released to the public by the parties. Absolutely no other information including, but not limited to, Defendant's date of birth, address, phone number, current station and/or place of employment is to be disclosed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall unseal all filings where a seal has been lodged, including: Docs. 16, 18, 19, 20, 21, 22, 24, 25, 29, 30, 31, 32, and 33.

**IT IS FURTHER ORDERED** that Intervenor Phoenix Newspapers, Inc. is dismissed from this suit.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall amend the caption of this case to reflect the sole defendant listed in Plaintiff's First Amended Complaint (Doc. 18), Mr. Lonnie Swartz.

Dated this 13th day of November, 2014.

_____
Raner C. Collins
Chief United States District Judge